UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARLON J. WHATLEY, JR.,

                       Plaintiff,

   v.                                            No. 5:11-CV-1009
                                                      (NAM/ATB)

MICHAEL J. ASTRUE,

                       Defendant.
_____

HOWARD D. OLINSKY, ESQ., for Plaintiff

ANDREW T. BAXTER, U.S. Magistrate Judge

## REPORT-RECOMMENDATION

This matter was referred to me for report and recommendation by the Honorable Norman A. Mordue, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d).  For the reasons set forth below, this court recommends that plaintiff's complaint in this action be dismissed based on his failure to establish that he qualifies for *in forma pauperis* ("IFP") status and his refusal to pay the requisite filing fee.

**I.    PROCEDURAL HISTORY**

The complaint in this action, filed on August 23, 2011, seeks review of the Commissioner's denial of plaintiff's application for Social Security Disability ("SSD") benefits, based on a determination that he was not disabled.  (Dkt. No. 1).  Plaintiff also filed, on August 23rd, an application to proceed without prepayment of fees and a supporting financial affidavit.  (Dkt. No. 2).  In his affidavit, plaintiff disclosed that he received monthly SSD benefits of $803 and Veterans Administration ("VA")

disability benefits of $3,157.  The only other relevant financial information reported was that plaintiff had $399 in a bank account and paid support for four children.  (Dkt. No. 2 at 2).  Based, *inter alia*, on plaintiff's reported income of approximately $47,520 per year, this court temporarily denied his IFP application, and directed him "to submit a revised IFP application with more information about his child support obligations (monthly payments and any past-due amounts) and other liabilities and expenses." (8/25/2011 Text Order).

On August 25th, plaintiff submitted a copy of his original IFP application with a handwritten addition indicating that he paid $700 per month in current child support, $50 per month toward a total child support arrearage of approximately $10,000, and another $200 per month in voluntary child support.  The plaintiff provided none of the information about his other liabilities and expenses that the court directed him to supply.  Based on the financial information provided by plaintiff, indicating that, after his child support obligations, he still had approximately $3,000 per month in disability income to cover his other, undisclosed expenses, the court denied the IFP application. By order dated September 7, 2011, this court directed plaintiff to pay the $350 filing fee by October 7, 2011, or the court would recommend dismissal of his action.  (Dkt. No. 5).  The plaintiff had not paid the filing fee to date.  This court's deputy clerk contacted the law firm that represents plaintiff in this action on or about October 12, 2011, and was advised that the plaintiff could not pay the filing fee.

## II.    APPLICABLE LAW

Pursuant to 28 U.S.C. § 1915(a), a federal court may authorize the commencement of a civil lawsuit without prepayment of the requisite fees provided that a plaintiff submits to the court documentation demonstrating that she or he is unable to pay such fees.  The court may deny an application to proceed *in forma pauperis* if plaintiff fails to submit the required financial information or fails to demonstrate entitlement to *in forma pauperis* relief.  *Hearn v. Commissioner of Social Security Disability Admin.*, 07-2870, 2007 WL 2972542, at *1 (D.N.J. Oct. 10, 2007). *See also Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 686 F. Supp. 385, 388 (N.D.N.Y.), *aff'd*, 685 F.2d 22, 23 (2d Cir. 1988) (upholding district court determination that the plaintiff "did not establish indigence").  An affiant must show he is unable to "'pay or give security for the costs . . . and still be able to provide' himself and dependents 'with the necessities of life.'"  *Adkins v. DuPont Co.*, 335 U.S. 331, 339 (1948).  *See also*, *Potnick v. Eastern State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) ("Section 1915(a) does not require a litigant to demonstrate absolute destitution; no party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life.") (citing *Adkins*, 335 U.S. at 339).

## III.    ANALYSIS

Based on the information provided by plaintiff, after being explicitly directed by the court to provide more details about his liabilities and expenses, he has

approximately $3,000 per month or $36,000 per year in disability income, above his mandatory and voluntary child support expenses, to cover his personal needs and expenses. While there may be additional financial information which the plaintiff did not provide which might indicate he has less discretionary income,[1] it is his burden to establish his indigence. In any event, it appears that the plaintiff has enough income that he would not be required to forego "the necessities of life" for himself or his dependents, if he is required to pay a $350 filing fee. *See, e.g., Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 685 F.2d at 23 (we cannot say that the district court erred in holding that the plaintiff, who estimates his net income at approximately $20,000, did not establish indigence); *Guerra v. Jones*, 5:08-CV-0028 (NPM/GHL), 2008 WL 1805823, at *2 (N.D.N.Y. Apr. 18, 2008) (denying IFP application of plaintiff, who enjoyed a joint monthly income of between $2,410 and $2,910 (at least some of which was tax-free disability income) with his wife and two dependent children, and who had $42,000 in equity in his home) (Report-Recommendation)[2]; *Hearn v. Commissioner of Social Security Disability Admin.*, 2007 WL 2972542, at *1 (plaintiff who had $648.70 in monthly disability and SSI

---

[1] It may be, for example, that the $809 SSD monthly benefit reported by plaintiff would be eliminated by the Commissioner's administrative decision, which plaintiff is trying to appeal through this action. Plaintiff's $ 3,157 VA disability benefit, however, still provides him with significant discretionary income, after his child support obligations.

[2] The plaintiff paid the filing fee following Magistrate Judge Lowe's Report-Recommendation, so the reviewing District Court denied the IFP application as moot. *Guerra*, 2008 WL 1805823, at *1.

4

income, and who failed to submit any other financial information does not qualify for IFP relief). Plaintiff's access to court has not been blocked by indigence; rather, he is "merely in the position of having to weigh the financial constraints posed if he pursues [his action] against the merits of his case." *Wrenn v. Secretary of Health and Human Services*, 86-CV-916 (HGM), 1987 WL 47383, at *1 (N.D.N.Y. June 18, 1987) ("unless the determination of whether or not to pursue an [action] is preordained by plaintiff's financial condition, this court cannot relieve plaintiff of the difficulties such decisions present"); *Sears*, 686 F. Supp. at 388 (our legal system contemplates that litigants will be "limited by the realities of time and expense") (citation omitted).

**WHEREFORE**, based on the findings in the above Report, it is hereby

**RECOMMENDED**, that the plaintiff's complaint be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW. Roldan v. Racette, 984 F.2d 85 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: October 14, 2011

*(signature)*
Hon. Andrew T. Baxter
U.S. Magistrate Judge